[No. 1250.  Decided March 26, 1894.]

THE BANK OF COMMERCE OF CENTRALIA, WASHINGTON, *Appellant*, v. C. A. WARREN, *Respondent*.

### VACATION OF JUDGMENT — ABUSE OF DISCRETION.

Where judgment of default has been entered against a plaintiff for failure to appear at the trial of the cause on the day set therefor, it is an abuse of discretion for the court to refuse to vacate the judgment, when the plaintiff comes into court within twenty minutes after the opening of court, which was called at the early hour of 8:30 A. M., and moves to vacate the judgment, and the defendant in open court consents thereto.

*Appeal from Superior Court, Lewis County.*

*Frank C. Landrum*, and *Edward F. Hunter*, for appellant.

*George E. Rhodes*, and *A. E. Rice*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.— On the 27th day of April, 1893, the appellant was the alleged owner of 250,000 shingles. The respondents on said day took said property from the possession of appellant, demand for return was made, refused, and an action was brought for the return of the property and judgment for the value thereof and for costs of said action, and a writ of replevin was sued out, under which writ the sheriff seized the property. An answer was filed May 19, 1893, and the case was set down for hearing by the superior court of Lewis county for June 30, 1893. There were other cases before this one on the docket set for the same day. No order was fixed for the trial. The court convened at 8:30 A. M. The other cases were disposed of, the replevin case was called, defendants' counsel being present but the plaintiff's counsel being absent. Counsel for defendants moved for a non-suit, which was

granted by the court; whereupon, after a non-suit, without motion therefor, the court proceeded to render judgment against the plaintiff for a return of the property, or on failure, then for $500 damages and costs.

Twenty minutes after the court convened, or at ten minutes before 9 o'clock A. M., of the same day, plaintiff's counsel appeared in court and moved to vacate the non-suit and judgment and reinstate the case on the docket. The counsel for defendants, in open court, consented thereto. But the court refused so to do. This application was made before the judgment was entered. This action is to set aside said judgment rendered June 30, 1893, and reinstate the case. A demurrer was filed to the complaint and over-ruled by the court. An answer was filed and the case went to trial. Plaintiff moved for judgment upon the pleadings to vacate the former judgment. The court denied the motion and signed the first bill of exceptions. Plaintiff also moved to set aside the former judgment, because said judgment was in excess of the power of the court.

Appellant assigns as error: (1) That the judgment of June 30th should have been for the dismissal of plaintiff's action, and nothing further. (2) That the court had no authority under the pleadings in said original action to render a money judgment in favor of defendants and against the plaintiff. (3) That the court erred in refusing to vacate the judgment rendered on said day when the defendants consented that said judgment might be vacated.

Various other errors are assigned, but the view we take of assignment number three renders their investigation unnecessary. Nor is it necessary to discuss the question whether the court had authority under the pleadings in the original action to render a money judgment, or whether the judgment should have been limited to a judgment for non-suit. While ordinarily questions of this kind are very largely submitted to the discretion of the trial court, who

is supposed to be familiar with all the circumstances of the case, yet when it is conceded, under the circumstances of this case, that the counsel for plaintiff appeared within twenty minutes after the calling of the court at the early hour of 8:30 A. M., and it is further conceded that the counsel for defendants recognized the justice of the application of plaintiff to set aside the non-suit and proceed to the trial of the case, we think that this court is justified in coming to the conclusion that the trial court abused its discretion in refusing to vacate the order of default. When both parties to an action are willing to waive any technical omissions or slight laches, and try the case on its merits, we think the court is going too far to arbitrarily refuse to sanction such an agreement. The judgment will, therefore, be reversed, and the case remanded with instructions to grant the relief prayed for in appellant's complaint.

SCOTT, HOYT, STILES and ANDERS, JJ., concur.